IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER S.,[1] | ) |
| | ) |
|       Plaintiff, | ) |
| | ) No. 20 C 4706 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
|       Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Heather S.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part and denied in part, and the Commissioner's request for affirmative [Doc. No. 23] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On February 27, 2017, Plaintiff filed claims for DIB and SSI, alleging disability since December 31, 2011. The claims were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 14, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A medical expert ("ME") and a vocational expert ("VE") also testified. At the hearing, Plaintiff amended the alleged onset date to February 18, 2016.

On August 29, 2019, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her amended alleged onset date of February 18, 2016. At step two, the ALJ concluded that Plaintiff had the following severe impairments: diabetes mellitus, type 2 with peripheral neuropathy and Charcot's

left foot; obesity; degenerative disc disease, status post thoracic spine surgery (remote); affective disorder (major depressive disorder with anxiety features); and arthralgia of the left shoulder. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a listed impairment.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: no climbing ladders, ropes, or scaffolds; occasional climbing ramps or stairs; occasional balancing, stooping, crouching, kneeling, and crawling; no reaching overhead with the nondominant arm; should avoid concentrated exposure to extreme cold, extreme heat, and to irritants, such as fumes, odors, dust, and grease; must avoid all exposure to use of dangerous moving machinery and unprotected heights; limited to simple routine repetitive tasks; and can have occasional interaction with the public and occasional supervision.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a bank teller, cost clerk, order clerk, or general merchandise sales person. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

# DISCUSSION

## I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ improperly rejected treating source statements and failed to mention an assessment by a psychiatric consultive examiner; (2) the ALJ's finding that Plaintiff's subjective statements are not fully consistent with the record is unsupported by substantial evidence; and (3) the ALJ failed to properly accommodate all of Plaintiff's non-exertional limitations in the RFC assessment.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ erred by completely failing to address the findings of Dr. Henry Fine, who performed a consultative psychological examination of Plaintiff in May 2017. As summarized by Plaintiff:

> Dr. Fine assessed Plaintiff with persistent depressive disorder/moderate with treatment/persistent major depressive type/anxiety features, [and] panic attacks. R. 772. He noted a long history of persistent depression with anxiety and panic attacks along with suicidality. *Id.* Dr. Fine noted that Plaintiff's depression is constant, but sometime worse than other[] times, and she is sad with low energy and poor sleep. R. 769. He noted that Plaintiff's anxiety is both general and with attacks, occurring once or twice a week, with rapid onset of restlessness, shortness of breath, rapid heart rate, chest tightness, pain, and sweats. R. 770. He noted that these symptoms persist in spite of treatment, and her psychiatric issues impact her functioning. R. 772.

(Pl.'s Memo. at 4.) Plaintiff is correct that the ALJ's decision does not mention Dr. Fine or his findings.

"Though the ALJ need not discuss every shred of evidence in the record, she 'may not ignore an entire line of evidence' that runs contrary to her conclusions." *McNeal v. Colvin*, No. 14 C 3722, 2016 U.S. Dist. LEXIS 53651, at *21 (N.D. Ill. Apr. 21, 2016) (citing *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003).

7

Further, "a medical opinion from an examining consultative psychologist . . . is not just another piece of evidence . . . [and] ALJs may not ignore these opinions and must explain the weight given to these opinions in their decisions." *Walters v. Astrue*, 444 F. App'x 913, 917 (7th Cir. 2001) (citations and internal quotations omitted).

Consistent with this authority, the ALJ erred in this case by failing to address Dr. Fine's examination findings in any manner. *See Sprinkle v. Astrue*, No. 09 CV 5042, 2012 U.S. Dist. LEXIS 147994, at *7 (N.D. Ill. Oct. 10, 2012) ("The ALJ committed error in failing to address the contrary psychiatric consultation of Dr. Chu."). The Court rejects Defendant's argument that the ALJ's lapse in that regard was harmless, as Dr. Fine noted Plaintiff to be more impaired than the ALJ found. *See Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982) ("But it is equally clear that an ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion") (citations omitted). Moreover, and in any event, the Court can have no insight into how the ALJ's determinations may have changed if she had properly considered Dr. Fine's examination. *See Lisa D. v. Kijakazi*, No. 19-cv-04172, 2021 U.S. Dist. LEXIS 199551, at *12 (N.D. Ill. Oct. 18, 2021) ("Remand is warranted. The errors were not harmless because the Court cannot be sure that the result of the ALJ's finding as to Plaintiff's disability would have been the same if the ALJ had sufficiently evaluated the treating doctor's opinions."). Ultimately, the ALJ's failure to expressly consider Dr. Fine's consultative examination requires that this matter be remanded. *See Claud P. v. Kijakazi*, No. 19 CV 8354, 2021 U.S. Dist.

8

LEXIS 194912, at *25 (N.D. Ill. Oct. 8, 2021) (finding remand necessary where the ALJ "ignored those aspects of the November 2016 consultive examination that ran contrary to the result he reached").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the treating source statements are properly evaluated, Plaintiff's subjective symptoms are properly assessed, and all of Plaintiff's non-exertional limitations are properly accounted for.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part and denied in part, and the Commissioner's request for affirmative [Doc. No. 23] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**               **ENTERED:**

*Maria Valdez*

**DATE:    February 7, 2022**             _____
                                           **HON. MARIA VALDEZ**
                                           **United States Magistrate Judge**

9